UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| MARTIN J. SCHARRER, | **DECISION** |
| | **and** |
| Plaintiff, | **ORDER** |
| v. | |
| | **13-CV-1156S(F)** |
| UNITED STATES OF AMERICA, | |
| Defendant, | |
| Third-Party Plaintiff, | |
| v. | |
| FINGER LAKES ROOFING CO., INC., | |
| Third-Party Defendant. | |

_____

APPEARANCES:        COLLINS & COLLINS P.C.
                    Attorneys for Plaintiff
                    MICHAEL C. LANCER, of Counsel
                    267 North Street
                    Buffalo, New York  14201

                    WILLIAM J. HOCHUL, JR.
                    UNITED STATES ATTORNEY
                    Attorney for Defendant and Third-Party Plaintiff
                    MARY PAT FLEMING, of Counsel
                    Federal Centre
                    138 Delaware Avenue
                    Buffalo, New York  14202

                    GOLDBERG SEGALLA LLP
                    Attorneys for Third-Party Defendant
                    MEGHAN M. BROWN, of Counsel
                    665 Main Street, Suite 400
                    Buffalo, New York  14203

In this FTCA case based on Plaintiff's slip and fall on the steps of a local post office, by papers filed May 4, 2016, Defendant moves to strike the expert report of

Plaintiff's economist loss as untimely served.  Dkt. 40 ("Defendant's motion").  On May 6, 2016, Third-Party Defendant also moved to strike the report and preclude the testimony of Plaintiff's economist.  Dkt. 43 ("Third-Party Defendant's motion").[1]

By papers filed May 27, 2016, Plaintiff cross-moved to modify and extend the Third Amended Scheduling Order, Dkt. 29, to enlarge the period within which to serve Plaintiff's expert disclosures and to complete fact and expert discovery.  Dkt. 48 ("Plaintiff's cross-motion").

Under the Third Amended Scheduling Order, Plaintiff was required to serve Plaintiff's testifying expert disclosures pursuant to Fed.R.Civ.P. 26(a)(2)(A) ("Rule 26(a)(2)(A)") and Fed.R.Civ.P. 26(a)(2)(D) ("Rule 26(a)(2)(D)") together with reports required by Fed.R.Civ.P. 26(a)(2)(B) not later than October 15, 2015 , Dkt. 29 ¶ 3.  Failure to timely serve such reports requires the reports be stricken and the related expert's trial testimony precluded unless the failure was substantially justified or is harmless.  See Fed.R.Civ.P. 37(c)(1).  Plaintiff's expert disclosure of Plaintiff's economist was filed May 2, 2016.  In accordance with the Fourth Amended Scheduling Order, Dkt. 32, Defendant's served, on December 1, 2015, its expert disclosure in accordance with the Fourth Amended Scheduling Order and as required by Rules 26(a)(2)(A) and 26(a)(2)(D).  The Fourth Amended Scheduling Order also required that all discovery conclude by March 4, 2016.  Dkt. 32 ¶ 2.

In support of Plaintiff's cross-motion, Plaintiff argues Defendants' motions should be denied because prior to filing Defendants' motions, Defendants failed to comply with Fed.R.Civ.P. 37(a)(1) which requires a party document a good-faith effort to resolve a

---

[1] Although denominated as a motion to strike, the remedy for untimely expert disclosure is preclusion as requested by Third-Party Defendant pursuant to Fed.R.Civ.P. 37(c)(1).  Accordingly, the court treats Defendant's motion as also eeking preclusion.

discovery dispute prior to filing a motion to compel disclosure or discovery ("Rule 37(a)(1)"). However, Rule 37(a)(1) by its terms applies to a disputed demand for a required disclosure or discovery whereas here the dispute is whether Plaintiff's economic loss expert disclosure at issue served pursuant to Rules 26(a)(2)(B) and (a)(2)(D) was untimely and the relevant expert's testimony should therefore be precluded pursuant to Fed.R.Civ.P. 37(c)(1) (failure to provide information or identify a witness "as required by Rule 26(a) or (e)" requires that party "is not allowed to use that information or witness to supply evidence . . . at trial"). Thus, Rule 37(a)(1) does not apply to Defendant's and Third-Party Defendant's motion. Second, Plaintiff asserts that Plaintiff's cross-motion to extend this period for discovery to include Plaintiff's late – six months – service of Plaintiff's expert disclosure is justified by the fact that the parties planned an inspection of the site of Plaintiff's fall after the period for discovery expired thereby demonstrating the need for additional discovery for the case and Defendant's and Third-Party Defendant's disregard for the Scheduling Order. Dkt. 48-1 at 3. However, though discussed, such inspection never occurred. Dkt. 54 at 3. Moreover, no further merit-based discovery for the case is contemplated by Third-Party Defendant. Dkt. 54 ¶ 12; Defendant does not indicate any intention to do so. Rather, Defendant has set Defendant's litigation strategy based on the absence of Plaintiff's use of an economic expert. Dkt. 52 at 4. Likewise, Third-Party Defendant has recently filed a summary judgment motion, Dkt. 54 ¶ 19, and Defendant has indicated its intention to do so. Dkt. 55. Thus, Plaintiff's contention regarding a supposed need for additional discovery by Defendant and Third-Party Defendant, Dkt. 48-1 at 4, is without merit.

Where a party has failed to comply with a court-imposed deadline for expert disclosures and then seeks to avoid preclusion, courts consider (1) the reason for the non-compliance, (2) the importance of the witness to be precluded, (3) prejudice to the opposing party, and (4) any potential for continuance.  *Softel, Inc. v. Dragon Med. & Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).  Here, surprisingly, Plaintiff fails to provide any rationale for Plaintiff's six-month delay in compliance.  As to the need for an economic expert, in this case the primary issue is that of liability of Defendant and Third-Party Defendant in failing to properly maintain the step from which Plaintiff fell.  Exactly why Plaintiff's proposed economic expert is required to testify to Plaintiff's wages or other economic losses is unexplained by Plaintiff.  While Plaintiff asserts neither Defendant nor Third-Party Defendant will be significantly prejudiced if Plaintiff's cross-motion is denied, Dkt. 48-1 at 4, Defendant and Third-Party Defendant dispute this assertion arguing that Third-Party Defendant, in reliance on Plaintiff's failure, has filed a summary judgment motion, Dkt. 54 ¶ 19, neither has retained a potential economic loss rebuttal expert, and the Fourth Amended Scheduling Order deadline for discovery has expired.  Dkt. 52 at 4; Dkt. 54 at 8.  Finally, while no trial date has been set, the potential availability of an extension of time in this case collides with the Plaintiff's utter failure to explain the reason for Plaintiff's six-month delay in making timely expert disclosure, effectively asking the court to ignore an apparent egregious disregard of the Third Amended Scheduling Order.  By the same token, Plaintiff is unable to establish good cause for Plaintiff's request to extend discovery as required by Fed.R.Civ.P. 16(b), or any excusable neglect in failing to seek such relief after the disclosure deadline pursuant to Fed.R.Civ.P. 6(b)(1).  Such obvious and unmitigated

failures support denial of Plaintiff's cross-motion.  *See United States v. One 2000 Mercedes Benz Bearing VIN WDBLJ70G0YF127256,* 2010 WL 4452096, at *3 (W.D.N.Y. Sept. 28, 2010) (defendant's motion to amend scheduling order to extend defendant's time to file answer denied where defendant failed to provide any reason for failing to file answer timely).  Granting Plaintiff's cross-motion will therefore unduly prolong pre-trial preparation and final disposition of the case.  Thus, upon this record, the court is unable to find any ground upon which preclusion can be avoided.  Plaintiff's reliance, Dkt. 48-1 at 2, upon *Lory v. General Electric Company*, 179 F.R.D. 86 (N.D.N.Y. 1998) is not persuasive as in that case the court found plaintiff's economic expert was essential to plaintiff's ability to prove plaintiff's Title VII case, a factor not present in the instant case where Plaintiff failed to offer anything to support a different conclusion, and defendant could point to no prejudice if plaintiff's economic loss expert were allowed despite plaintiff's three-month delay in disclosure in violation of the court's scheduling order.  Plaintiff's further reliance, Dkt. 48-1 at 3, on Judge Scott's refusal to grant preclusion in *Kolerski v. United States*, 2007 WL 2325856, at *5 (W.D.N.Y. Aug. 13, 2007) is also unavailing.  In *Kolerski*, the court avoided preclusion of plaintiff's late expert disclosure that was only two-weeks overdue because plaintiff's counsel did not receive a copy of the court's scheduling order which included the disclosure deadline because of alleged technical problems in plaintiff's counsel's e-mail system, preclusion of plaintiff's proposed liability experts would have severely limited plaintiff's ability to prove plaintiff's malpractice case, and no defendant objected to entry of a further amended scheduling order allowing for plaintiff's delayed expert disclosure and other proceedings.  *Kolerski*, 2007 WL 2325856, at *5.  None of these considerations pertain

to the instant case.  Plaintiff therefore fails to show Plaintiff's disclosure default was substantially justified or harmless.  In sum, Plaintiff's request is devoid of any information to explain Plaintiff's six-month delay in timely providing required expert disclosure or showing of significant prejudice if preclusion is ordered and the court therefore finds itself constrained to grant Defendant's and Third-Party Defendant's preclusion motions and deny Plaintiff's cross-motion.  Accordingly, Defendant's and Third-Party Defendant's motions to preclude Plaintiff's economic loss expert should be GRANTED, and Plaintiff's cross-motion should be DENIED.

## CONCLUSION

Based on the foregoing, Defendant's and Third-Party Defendant's motions (Dkts. 40 and 43) are GRANTED; Plaintiff's cross-motion (Dkt. 48) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  June 30, 2016
         Buffalo, New York